1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JULIAN RAMIREZ,

               Plaintiff,

     v.

THE BANK OF NEW YORK MELLON,
fka THE BANK OF NEW YORK, AS
TRUSTEE FOR THE
CERTIFICATEHOLDERS OF THE
CWALT, INC. ALTERNATIVE LOAN
TRUST 2007-OA6 MORTGAGE PASS-
THROUGH CERTIFICATES, SERIES
2007-OA6, et al.,

               Defendants.

Case No.  5:16-cv-00415-EJD

**ORDER TO SHOW CAUSE**

Plaintiff Julian Ramirez ("Plaintiff") commenced the instant action directly in this court on

January 25, 2016, against Defendants Bank of America, N.A., and The Bank of New York Mellon

fka The Bank of New York, as Trustee for the Certificateholders of the Cwalt, Inc. Alternative

Loan Trust 2007-OA6 Mortgage Pass-Through Certificates, Series 2007-OA6 ("Bank of New

York"), and asserts six causes of action in the Complaint:  (1) fraud, (2) violation of the

Homeowners Bill of Rights, (3) violation of Civil Code § 2923.5, (4) breach of contract, (5)

specific performance, and (6) injunctive relief.

As is its obligation, this court has reviewed the Complaint to determine whether Plaintiff

included allegations sufficient to establish federal jurisdiction and has been guided by the

principles that govern such an inquiry.  See Henderson v. Shinseki, 562 U.S. 428, 434 (2011)

("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of

their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties

either overlook or elect not to press."); see also Mashiri v. Dep't of Educ., 724 F.3d 1028, 1031

(9th Cir. 2013) ("[F]ederal courts have a continuing, independent obligation to determine whether

subject matter jurisdiction exists.").  In short, he has not done so.

To begin, the court is mindful that, in contrast to state courts, "[f]ederal courts are courts of

limited jurisdiction."  Kokkonen v. Guardian Life Ins. Co of Am., 511 U.S. 375, 377 (1994).

Federal jurisdiction can generally arise in two ways: (1) from the presence of a federal question, or

(2) from diversity of the parties.  28 U.S.C. §§ 1331, 1332.

For jurisdiction based on a federal question under § 1331, the court looks to the face of a

"well-pleaded complaint" to determine whether a cause of action is created by federal law or

whether the plaintiff's right to relief necessarily depends on the resolution of a substantial question

of federal law.  Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808 (1988) (citing

Franchise Tax Bd. of California v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983)).

"Under the longstanding well-pleaded complaint rule . . . a suit 'arises under' federal law 'only

when the plaintiff's statement of his own cause of action shows that it is based upon [federal

law].'"  Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) (quoting Louisville & Nashville R. Co.

v. Mottley, 211 U.S. 149, 152 (1908)).  Factual allegations, and not labels, are determinative of

whether a cause of action actually presents a federal question.  See Labram v. Havel, 43 F.3d 918,

920 (4th Cir. 1995).

For subject matter jurisdiction to arise on the basis of diversity under § 1332, "there must

be complete diversity of citizenship between the parties opposed in interest."  Kuntz v. Lamar

Corp., 385 F.3d 1177, 1181 (9th Cir. 2004).  The amount in controversy must also exceed

$75,000.  Naffe v. Frey, 789 F.3d 1030, 1039 (9th Cir. 2015).  For jurisdictional purposes,

individuals are citizens of their states of domicile.  Kanter v. Warner-Lambert Co., 265 F.3d 853,

857 (9th Cir. 2001) ("The natural person's state citizenship is [] determined by her state of

United States District Court
Northern District of California

1    domicile, not her state of residence.").  In contrast, "[a] corporation is a citizen of (1) the state

2    under whose laws it is organized or incorporated; and (2) the state of its 'principal place of

3    business.'"  Davis v. HSBC Bank Nev., N.A., 557 F.3d 1026, 1028 (9th Cir. 2008).  "Absent

4    unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege

5    affirmatively the actual citizenship of the relevant parties" in order to confirm that all parties are

6    diverse.  Kanter, 265 F.3d at 857.

7        In addition, the court observes that it must look to the Complaint's jurisdictional

8    allegations because "[a] party invoking the federal court's jurisdiction has the burden of proving

9    the actual existence of subject matter jurisdiction."  Thompson v. McCombe, 99 F.3d 352, 353

10    (9th Cir. 1996).  To that end, Federal Rule of Civil Procedure 8 requires the plaintiff to provide "a

11    short and plain statement of the grounds for the court's jurisdiction."

12        Here, Plaintiff does not reveal the claimed basis for federal jurisdiction but alleges that the

13    Bank of New York is a "New York corporation doing business in Santa Clara County" and that

14    Bank of America is a "National Association doing business in Santa Clara County, California."

15    Compl., at ¶¶ 2, 3.  These allegations fail to establish jurisdiction based on diversity of citizenship

16    to the extent they are meant for that purpose.  More specifically, missing are allegations

17    concerning Bank of America's state of incorporation and principal place of business, as well as the

18    Bank of New York's principal place of business.  In addition, the Complaint is silent as to the

19    amount in controversy.

20        Furthermore, subject matter jurisdiction cannot be based on a federal question because all

21    causes of action asserted in the Complaint arise under state law.

22        Accordingly, because Plaintiff has not satisfied his obligation to affirmatively demonstrate

23    federal subject matter jurisdiction, the court issues an order to show cause why this action should

24    not be dismissed.  If Plaintiff does not, by **September 26, 2016**, file a written response that

25    demonstrates the basis for this court's subject matter jurisdiction in a manner consistent with the

26    discussion above, the court will dismiss this action without prejudice.  See Freeman v. Oakland

27    Unified Sch. Dist., 179 F.3d 846, 847 (9th Cir. 1999).

28

1    No hearing will be held on the Order to Show Cause unless ordered by the court.  The

2 motion to dismiss hearing scheduled for September 15, 2016, is VACATED and will be reset, if

3 necessary, upon resolution of the jurisdictional issue described herein.

4

5    **IT IS SO ORDERED.**

6 Dated:  September 12, 2016

7 

8 EDWARD J. DAVILA
United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.: 5:16-cv-00415-EJD
ORDER TO SHOW CAUSE